UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STEVEN A. WHITLOCK; et al.,

        Plaintiffs,

v.

DANT CORPORATION; et al.,

        Defendants.

3:11-CV-0586-LRH-VPC

<u>ORDER</u>

      Before the court is plaintiffs Mary Ann M. Whitlock, as trustee of the Visokey Family Trust ("Trust") and Steven A. Whitlock's ("Whitlock") motion for default judgment against defendant Dant Corporation ("Dant") in the amount of $1,100,000.00 plus accruing interest. Doc. #10.[1]

**I.    Facts and Procedural History**

      On August 10, 2011, plaintiffs filed a complaint against defendants for breach of contract, fraud, and violation of the Securities Act. Doc. #1. Plaintiffs allege that they invested money in defendant Dant for the purchase of certain lien rights with a guaranteed rate of interest. *Id*.

      Defendant Dant did not file an answer to the complaint after being properly served. *See* Doc. #7. Subsequently, plaintiffs obtained a clerk's entry of default against Dant. Doc. #9. Thereafter, plaintiffs filed the present motion for default judgment against Dant. Doc. #10.

---

[1] Refers to the court's docket number.

**II.     Discussion**

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in this action. First, plaintiffs will be severely prejudiced if a default judgment is not entered because corporate defendant Dant has shown an unwillingness to appear in this action. Second, plaintiffs' claims are sufficiently pled and support their requested relief. Third, the amount of money at issue in this action is directly related to the underlying investment agreements and is easily quantified. Fourth, there is no excusable neglect for

Dant's failure to participate in this action. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel* considerations and the fact that Dant's unwillingness to participate precludes resolution on the merits.

IT IS THEREFORE ORDERED that plaintiffs' motion for default judgment (Doc. #10) is GRANTED. The Clerk of the Court shall enter judgment against defendant Dant Corporation and in favor of plaintiff Stephen A. Whitlock in the amount of $500,000.00 plus accruing interest. The Clerk of the Court shall likewise enter judgment against defendant Dant Corporation and in favor of plaintiff Mary Ann M. Whitlock, as trustee of the Visokey Family Trust, in the amount of $600,000.00 plus accruing interest.

IT IS SO ORDERED.

DATED this 20th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE